**Robert GOUDELOCK, Plaintiff**

**v.**

**Nina Elise McLEMORE, Individually, as Trustee of the Margaret Pope McLemore 1998 Revocable Trust and of the Bryan Simmons McLemore 1998 Revocable Trust, and as Executrix Under the Wills of Margaret Pope McLemore and Bryan Simmons McLemore, Defendant.**

**Civil Action No. 3:07cv054–M–A.**

United States District Court,
N.D. Mississippi,
Western Division.

Dec. 5, 2013.

before Facebook and its ilk came into common usage.

Joyce M. Freeland, Thomas H. Freeland, IV, Freeland & Freeland, Oxford, MS, for Plaintiff.

John G. Wheeler, Margaret Sams Gratz, Michael D. Ferris, Mitchell, McNutt & Sams, Tupelo, MS, for Defendant.

## ORDER DENYING MOTION TO RE-OPEN CASE, ENFORCE SETTLE-MENT, REMOVE TRUSTEE AND APPOINT SUCCESSOR TRUSTEE

MICHAEL P. MILLS, Chief Judge.

Before the court is the Plaintiff's Motion to Reopen Case, Enforce Settlement, Remove Trustee, and Appoint Successor Trustee. Docket 46. The court reviewed the motion and response (Docket 47), and ordered the parties to file briefs advising the court why the Motion to Reopen should not be denied for lack of jurisdiction. After carefully considering the parties' responses to the Order to Show Cause, as well as the supporting and opposing authority, the court finds that the motion should be DENIED.

### I. Factual and Procedural Background

The original complaint in this case was filed in March of 2007. After several years of negotiations and failed mediation efforts, the parties reached a settlement concerning the distribution of trust assets. The Settlement Agreement established that a real estate trustee would be engaged to make recommendations concerning the equitable distribution of real estate assets among the five beneficiaries. The beneficiaries all agreed to abide by the recommendations of Nina Tollison, Esq., the Real Estate Trustee. On April 6, 2010, an "Agreed Order Dismissing Case with Prejudice" was entered relinquishing the court's jurisdiction to handle any further matters associated with the case. Docket 45.

### II. Analysis

■ Both parties contend that *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), grants the court the power to enforce the settlement agreement after the case has been dismissed with prejudice. *Kokkonen* held that a federal district court has the power to enforce a settlement in a case that has been dismissed in three situations. First, a court may reopen a case to enforce the settlement agreement when the terms of the settlement agreement are incorporated into the order of dismissal. *Kokkonen,* 511 U.S. at 381, 114 S.Ct. 1673. Because the Agreed Order of Dismissal with Prejudice entered in this case did not incorporate any of the Settlement Agreement's language, this exception does not apply.

A court may also reopen a case to enforce a settlement agreement if the order of dismissal contains language expressly retaining jurisdiction over the enforcement of the settlement agreement. *Kokkonen,* 511 U.S. at 382, 114 S.Ct. 1673. Again, because the Agreed Order of Dismissal with Prejudice—which was submitted by the parties themselves—includes no language retaining jurisdiction over settlement enforcement, the second exception does not apply.

The final exception allows federal district courts to reopen cases to enforce settlement agreements if there is an independent basis for jurisdiction. Both parties contend that it is this third scenario envisioned by *Kokkonen* that grants this court the power to reopen this case. In *Kokkonen,* the Supreme Court held that if a case does not fit into one of the first two exceptions, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal juris-

diction." *Kokkonen,* 511 U.S. at 382, 114 S.Ct. 1673. Both parties in this action maintain that because the parties continue to be completely diverse, and the amount in controversy exceeds minimum requirements, there is an independent basis for jurisdiction under 28 U.S.C. § 1332(a).

The parties interpret *Kokkonen* too broadly. The fact that the same diversity which existed at the time of filing the original suit continues to the present is not enough to reopen a case dismissed with prejudice. If that were the case, almost any lawsuit brought under 28 U.S.C. § 1331—and many brought under 28 U.S.C. § 1332(a) if the parties continue to be diverse—could be reopened after being dismissed with prejudice. Rather, the claim the current parties assert is a state law contract claim to enforce the Settlement Agreement. If there is, in fact, jurisdiction over the contract claim under 28 U.S.C. § 1332(a), the parties may bring an action asserting the state law claim in federal district court, but because the facts surrounding a breach of contract claim are largely independent from the facts of the original suit, it is more appropriately brought as a new contract action seeking to enforce the Settlement Agreement. *See Vandesande v. U.S.,* 94 Fed.Cl. 624, 633 (2010), citing *Kokkonen,* 511 U.S. at 380, 114 S.Ct. 1673.

The parties also contend that Rule 60(b)(6) of the Federal Rules of Civil Procedure provides an additional basis for granting the motion and reopening the case. Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). In describing the use of Rule 60(b)(6), courts have "narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present." *Balentine v. Thaler,* 626 F.3d 842, 846 (5th Cir.2010), citing *Batts v. Tow–Motor Forklift Co.,* 66 F.3d 743, 747 (5th Cir.1995). The motions before the court do not present any extraordinary circumstances that require relief be granted under the catch-all provision of Rule 60(b)(6). The court declines to grant relief under the rule.

### III.  Conclusion

The court holds that there is no proper basis for jurisdiction or ground for relief under which the original case may be reopened to enforce the settlement agreement, and the Motion to Reopen Case, Enforce Settlement, Remove Trustee, and Appoint Successor Trustee is DENIED. The enforcement of the settlement agreement is a state law contractual claim. Should diversity requirements under 28 U.S.C. § 1332(a) be satisfied, the parties may bring the claim in federal district court, but must do so as a new lawsuit, independent of the previously dismissed action.